IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIFFANY ARNOLD,
    Petitioner,

vs.                                Case No.:  4:17cv366/RH/EMT

WARDEN COIT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner Tiffany Arnold's ("Arnold") habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondent filed a motion to dismiss the petition for lack of jurisdiction (ECF No. 14). Arnold filed a response in opposition to the motion (ECF No. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

In 2004, a federal jury in the United States District Court for the Eastern District of Kentucky convicted Arnold of one count of conspiring to manufacture 45

grams of methamphetamine (Count 2), one count of distributing 2.007 grams of methamphetamine (Count 3), one count of distributing 4 grams of methamphetamine (Count 7), and one count of possessing equipment and precursors used to manufacture methamphetamine (Count 8), in violation of 21 U.S.C. §§ 841(a)(1), 843(a)(6), and 846 (*see* ECF No. 1 at 2; ECF No. 14 at 1). *See also* United States v. Arnold, Case No. 6:04-cr-31-DCR-JGW-2, Special Verdict Form, ECF No. 168 (E.D. Ken. Nov. 10, 2004). The jury also found as fact that Tina Jones, Arnold's cell mate, used methamphetamine distributed to her by Arnold, and the use of the methamphetamine resulted in Jones' death. *Id.* On March 7, 2005, the district court sentenced Arnold to terms of life imprisonment on Counts 2 and 7, a term of 30 years in prison on Count 3, and a term of 20 years in prison on Count 8, with all sentences to be served concurrently. *See id.*, Judgment, ECF No. 176 (E.D. Ken. Mar. 7, 2005). The Sixth Circuit Court of Appeals affirmed the judgment in Case No. 05-5471. United States v. Mann, et al., 195 F. App'x 430, 439 (6th Cir. 2006). The Supreme Court denied Arnold's petition for writ of certiorari. Arnold v. United States, 127 S. Ct. 1324 (2007).

On or about February 13, 2008, Arnold filed a motion to vacate her conviction, pursuant to 28 U.S.C. § 2255. *See* Arnold, 6:04-cr-31-DCR-JGW-2, Pro Se Motion

to Vacate under 28 U.S.C. 2255, ECF No. 225 (E.D. Ken. Feb. 13, 2008). The district court denied the motion. United States v. Arnold, No. 6:04-cr-31-DCR, 2008 WL 4951791 (E.D. Ken. Nov. 18, 2008). The Sixth Circuit affirmed the decision on January 7, 2011. *See* Arnold, 6:04-cr-31-DCR-JGW-2, Copy of Order/Judgment of USCA, ECF No. 254 (E.D. Ken. Jan. 7, 2011). The Supreme Court denied Arnold's petition for writ of certiorari. Arnold v. United States, 131 S. Ct. 3079 (2011).

On or about January 30, 2015, Arnold filed a second § 2255 motion. *See* Arnold, 6:04-cr-31-DCR-JGW-2, Pro Se Motion to Vacate under 28 U.S.C. 2255, ECF No. 266 (E.D. Ken. Jan. 30, 2015). The district court directed the clerk of court to transfer the motion to the Sixth Circuit as a second or successive § 2255 motion, and denied the motion to the extent Arnold sought relief in the district court. *See id.*, Memorandum Order, ECF No. 267 (E.D. Ken. Feb. 3, 2015). The Sixth Circuit denied Arnold's application for authorization to file a second or successive § 2255 motion. *See id.* Order of USCA, ECF No. 270 (E.D. Ken. Sept. 30, 2015).

On or about August 11, 2017, Arnold filed the instant § 2241 petition presenting the following claim:

> Ground one: "Burrage is retroactive on collateral review, it is a substantive element that the government must prove to convict and therefore Tiffany Arnold is actually innocent of the offense resulting in a miscarriage of justice, as she is serving a life sentence."

(ECF No. 1 at 3, attached supporting memorandum). Arnold contends she was sentenced under the "death results" enhancement of 21 U.S.C. § 841(b)(1)(C) without a proper jury instruction on causation, which resulted in a life sentence (*id.*). She contends after her sentencing and direct appeal, the Supreme Court decided Burrage v. United States, — U.S. —, 134 S. Ct. 881, 187 L. Ed. 2d (2014) (*id.*).[1]

## II.   ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless she is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of

---

[1] In Burrage, the Supreme Court held that the ordinary meaning of the terms "results from" in a criminal statute requires "but-for causality"; thus, a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of a victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. 134 S. Ct. at 887–92.

Case No: 4:17cv366/RH/EMT

a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218. The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241);

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 4:17cv366/RH/EMT

Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Whereas, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling her motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized language is known as the "saving clause." See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir.), *cert. denied* McCarthan v. Collins, 138 S. Ct. 502 (2017). The "saving clause" imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See id.* at 1080.

In McCarthan, the Eleventh Circuit stated that claims merely foreclosed by binding Supreme Court or Circuit precedent are not ineffectively or inadequately tested by a motion to vacate sentence under § 2255. See McCarthan, 851 F.3d at 1089. "[A] change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" Id. at 1085. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court. Id. at 1087, 1089.

In dicta, the McCarthan court opined that a § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. See McCarthan, 851 F.3d at 1092–93.

Here, Arnold argues she qualifies to proceed under the "savings clause" under the five-part articulated by the Eleventh Circuit in <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253 (11th Cir. 2013) (*see* ECF No. 1, supporting memorandum, pp. 12–15; ECF No. 18).  However, <u>McCarthan</u> overruled prior circuit precedent, including <u>Bryant</u>.  *See*  <u>McCarthan</u>, 851 F.3d at 1100.  Arnold acknowledges this in her reply, but argues that the <u>McCarthan</u> decision is incorrect (*see* ECF No. 18 at 1). Arnold additionally contends "actual innocence" claims may proceed under the savings clause (*id.* at 3–6).  She contends <u>Burrage</u> establishes that she may have been convicted of a nonexistent offense (*id.*).

Arnold does not satisfy the <u>McCarthan</u> test for proceeding under the "saving clause."  Even though <u>Burrage</u> had not been decided at the time Arnold filed her first § 2255 motion,  § 2255 was still an adequate remedy to test her claims, even if they may have failed under circuit precedent at the time. *See* <u>McCarthan</u>, 851 F.3d at 1087, 1099.  Arnold could have raised her claims and attempted to persuade the court to change its precedent, just as the defendants did in <u>Burrage</u>.  Arnold's failure to satisfy any of the limited circumstances warranting review of her habeas claims through the "saving clause" portal of § 2255(e), deprives this district court of jurisdiction to consider her claims.  This is so even though Arnold couches her claims in terms of

"actual innocence." *See* McCarthan, 851 F.3d at 1090–91 (noting that only prisoners who satisfy one of the two exceptions of § 2255(h) may collaterally attack their sentences more than once (i.e., the existence of "newly discovered evidence" which establishes the prisoner's innocence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"), and that the savings clause does not create a third exception even for claims of actual innocence).

III.    CONCLUSION

Review of Arnold's under § 2241 is unavailable because Arnold challenges the validity of her convictions and sentences, not the execution of an initially valid confinement.  Furthermore, she has not shown she is entitled to review via the "saving clause" portal of § 2255(e).  Because Arnold is plainly not entitled to pursue the relief she seeks under § 2241, Respondent's motion to dismiss for lack of jurisdiction should be granted and this case dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 14) be **GRANTED**.

2.      That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 11<u>th</u> day of June 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**